```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                   08-CV-4678(JMR/FLN)
```

```
Lauree Stolarczyk                    )
                                     )
     v.                              )          ORDER
                                     )
Spherion Corporation a/k/a           )
Spherion Atlantic Enterprises LLC    )
```

This is a defamation case arising out of a somewhat complicated employment situation.

Plaintiff was employed by defendant, Spherion Corporation a/k/a Spherion Atlantic Enterprises LLC ("Spherion"). Spherion is a temporary staffing service. In 2003, Spherion placed plaintiff in a temporary information technology position with R.R. Donnelley Company in St. Paul, Minnesota. She served in that position for approximately four months. When she left R.R. Donnelley, she left her employment with Spherion. Three years later, plaintiff again applied for work at Spherion as a temporary employee. Spherion did not rehire her.

Spherion told plaintiff its decision against rehiring her was primarily based on plaintiff's having stored an eleven-inch knife in her desk during her employment with R.R. Donnelley. After receiving this explanation, plaintiff sued Spherion for defamation.

Defendant seeks summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") denying its statement was defamatory, and claiming it was both privileged and true.

Plaintiff did not respond to defendant's motion.  Defendant's motion for summary judgment is granted.

I. <u>Background</u>

The facts are either undisputed or considered in the light most favorable to plaintiff.  Plaintiff, Lauree Stolarczyk, was employed by Spherion from September 15, 2003, through January 17, 2004.  Three months after being placed at R.R. Donnelley, Stolarczyk's co-workers reported "strange" behavior.  On December 10, 2003, one co-worker saw Stolarczyk rifle through office drawers without permission.  (Stolarczyk Dep. 92:2-7.)  A week later, co-workers complained that plaintiff engaged in "disrespectful outbursts."  (Stolarczyk Dep. 95:8-15.)  On January 8, 2004, two co-workers witnessed Stolarczyk chanting and drawing pictures of dead people.  (Stolarczyk Dep. 100:18-25.)  The next day, a co-worker complained that Stolarczyk kept a large knife in her desk.  The co-worker removed the knife and gave it to the on-site Spherion representative.  Spherion recorded these incidents in its employee database.

Stolarczyk admits looking through office drawers and doodling. However, she denies making outbursts and drawing "dead people." (Stolarczyk Dep. 44:16-20; 92:2-16; 95:8-17.)  She admits she had disagreements with co-workers and kept an eleven-inch knife in her desk.  She says the knife was used to cut her lunch.  (Stolarczyk Dep. 46:17-20.)

On January 12, 2004, Stolarczyk and her supervisors met to discuss these issues. Stolarczyk was placed on probation for 90 days for bringing a weapon to work, which was against company policy. Three days later, Spherion told Stolarczyk her assignment at R.R. Donnelly would end the next day. On January 21, 2004, Stolarczyk applied for another temporary position with Spherion. She was not hired at that time.

Spherion did not hear from plaintiff until January 11, 2007, almost exactly three years later, when she applied to Spherion for another temporary position, and was granted an interview. During the interview, Spherion employee Amelia Walicke found Spherion's employee database records concerning Stolarczyk's past behavior. Walicke told Stolarczyk she would not be rehired based on reports that she had drawn dead bodies and brought a weapon to work. (Stolarczyk Dep. 17:1-10.)

On February 1, 2008, Stolarczyk sent an email to Spherion asking for an explanation of Amelia Walicke's statement finding her ineligible for rehire. Kerry Lennon responded on behalf of Spherion, saying she would follow-up with more information. (Lennon Aff. ¶¶ 12-14.) Lennon gathered information and called Stolarczyk's former supervisor and co-workers, one of whom reported having received an anonymous and insulting phone message. Spherion employee emails discussing the phone message do not attribute the voice mail to Stolarczyk, but reference an "anonymous" caller.

(Stolarczyk Dep. Ex. 4.)

Between March 3, 2008, and March 6, 2008, Stolarczyk emailed Lennon three more times. She indicated her intent to pursue legal action against Spherion. After these emails, Spherion limited its communications with plaintiff by placing a "do not communicate" note in Stolarczyk's personnel file. The company also emailed office managers warning them not to speak with Stolarczyk.

On October 31, 2007, Stolarczyk filed an EEOC discrimination charge, accusing Spherion of age and gender discrimination. Spherion replied by submitting a position statement to the EEOC. The EEOC found no probable cause, and issued Stolarczyk a right to sue letter on December 20, 2007. Plaintiff did not file a discrimination suit within the required 90 days. She did, however, file this suit in Minnesota state court on May 1, 2008. She accuses Spherion of criminal coercion, personnel file violations, and defamation. On July 11, 2008, Spherion removed the suit to federal court and filed for summary judgment.

II. Discussion

    A. Summary Judgment

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). An opposing party has an

obligation to respond to a summary judgment motion. Fed. R. Civ. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2). Plaintiff has not responded to defendant's motion. Accordingly, if defendant meets its burden, summary judgment should be granted.

"A statement is defamatory under Minnesota law if it is communicated to a third party, is false, and tends to harm the plaintiff's reputation in the community."[1] <u>Aviation Charter, Inc. v. Aviation Research Group/US</u>, 416 F.3d 864, 868 (8th Cir. 2005). Plaintiff, in her complaint and at deposition, alleged the following statements were defamatory: (1) Amelia Walicke's statement saying plaintiff's file showed her as having brought a weapon to work and drawing dead people; (2) statements in her personnel file stating plaintiff had "outbursts," that her co-workers were "uncomfortable with her outbursts," that she drew pictures of dead people, chanted, brought a knife to work, and had "behavioral problems," and rifled through office drawers without supervision; (3) statements in Spherion's EEOC position statement and in this case's Rule 26(f) report describing plaintiff's "tumultuous [employment] history" and termination for misconduct,

---

[1] As Minnesota does not recognize a private cause of action for criminal law or personnel file violations, the Court focuses on plaintiff's defamation claim. <u>See</u>, Minn. Stat. § 181.9641 (stating the Department of Labor and Industry will enforce personnel file violations); <u>Wild v. Otis</u>, 257 N.W.2d 361, 363 (Minn. 1977).

as well as repeating the personnel file's information; (4) Spherion employees' notations and emails stating plaintiff was not qualified for rehire and employees should contact the legal department if she contacted them; and (5) statements in a March, 2008, email between Spherion employees describing an anonymous individual's insulting message on Spherion's voice mail.  None of these statements support plaintiff's claim of defamation.

Even if these statements were not afforded any privilege, the statements cannot be defamatory if true.  It is axiomatic:  "A true statement cannot be defamatory."  Graning v. Sherburne County, 172 F.3d 611, 617 (8th Cir. 1999).  Therefore, the Court examines whether Spherion issued any "provably false statement[s] of fact." Fjelsta v. Zogg Dermatology, 488 F.3d 804, 811 (8th Cir. 2007) (quotations omitted).  Plaintiff does not deny bringing a knife to work, looking through files without permission, or doodling. (Stolarczyk Dep. 27:9-21, 32:23-25, 92:9-11.)  She claims the knife was not a weapon.  But a decision to categorize a knife as a weapon is not a "false statement."  Similarly, statements that plaintiff drew "dead people" are merely interpretations of her artwork.  Such statements are not provably false.

Notations saying Stolarczyk had "behavioral problems," engaged in "outbursts," and was "not qualified" are subjective views of plaintiff's behavior.  In McClure v. American Family Mutual Insurance Co., the Eighth Circuit Court of Appeals upheld a grant

6

of summary judgment where a company accused employees of "disruptive activity" and "conduct unacceptable by any business standard." 223 F.3d 845, 853 (8th Cir. 2000). The court noted "remarks on a subject lending itself to multiple interpretations cannot be the basis of a successful defamation action." Id. (quotation omitted). Here, the Court finds, as a matter of law, defendant's description of plaintiff's behavior falls within the realm of interpretation – "no threshold showing of 'falsity' is possible in such circumstances." Id. (quotation omitted).

In addition to plaintiff's failure to cite an untrue statement, Spherion's statements in its EEOC position paper and the Rule 26(f) report are protected by absolute privilege. "[D]efamatory matter published in the due course of a judicial proceeding is absolutely privileged and will not support a civil action for defamation although made maliciously and with knowledge of its falsehood." Matthis v. Kennedy, 67 N.W.2d 413, 417 (Minn. 1954). This privilege "is not restricted to trials," but extends to all proceedings before a "tribunal or officer clothed with judicial or even quasi-judicial powers." Id. In determining whether the privilege applies, courts ask whether alleged defamatory statements reference the underlying action's subject matter. Id. at 418. Here, the alleged defamatory statements are Spherion's stated reasons for not rehiring plaintiff. This is the core of the parties' dispute. The Court holds that defendant's

statements in the Rule 26(f) report and its EEOC's position paper are entitled to absolute privilege.

Finally, Spherion did not defame plaintiff when it instructed employees to avoid communicating with her after her threat to sue the company. Its statement that a Spherion employee received a threatening voice mail from an unknown caller does not state that plaintiff made the statement. "In order for a statement to be defamatory, it must assert a defamatory fact against the plaintiff." Michaelis v. CBS, Inc., 119 F.3d 697, 701 (8th Cir. 1997). Where neither statement sets forth facts about the plaintiff, they cannot give rise to a defamation claim. Accordingly, defendant fails to make out a prima facie case of defamation.

Defendant also claims that all of the alleged defamatory statements are protected by a qualified privilege. "For a defamatory statement to be protected by a qualified privilege, the statement must be made in good faith and must be made upon a proper occasion, from a proper motive, and must be based upon reasonable or probable cause." Bol v. Cole, 561 N.W.2d 143, 149 (Minn. 1997) (citation omitted). Where defendant's statements qualify as privileged, plaintiff must offer proof that defendant's statements were made with actual malice. Stumpges v. Parke, Davis, & Co., 297 N.W.2d 252, 256-57 (Minn. 1980) ("In the context of employment recommendations, the courts generally recognize a qualified

privilege between former and prospective employers as long as the statements are made in good faith and for a legitimate purpose."). Plaintiff has failed to demonstrate a prima facie case of discrimination, and her failure to respond to defendant's summary judgment motion means she has failed to show actual malice. Defendant is entitled to summary judgment.

III. Conclusion

For the reasons set forth herein, the Court finds there are no unresolved facts which call for a trial on the merits, and defendant is entitled to summary judgment as a matter of law.

Accordingly, IT IS ORDERED that:

1. The Court grants defendant's motion for summary judgment [Docket No. 53].

2. The Court declines to award Spherion Corporation attorneys' fees and costs.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 11, 2009

                                      S/JAMES M. ROSENBAUM
                                      JAMES M. ROSENBAUM
                                      United States District Judge